UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADRIAN FRANCIS WILLIAMS,

    Plaintiff,

v.                                  Case No. 3:25cv643-AW-HTC

SANTA ROSA CORRECTIONAL INSTITUTION,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Adrian Francis Williams, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint against seven correctional officers for failing to protect him from gang members while at Santa Rosa Correctional Institute.  Doc. 1. Upon review, the undersigned recommends this action be DISMISSED for Plaintiff's failure to truthfully disclose his litigation history.

## I.    STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act, ("PLRA"), the court shall review "as soon as practicable" any prisoner's complaint seeking redress from governmental employees and, upon such review, shall "dismiss the complaint, or any portion of the complaint, if the complaint is (1) frivolous, malicious, or fails to state a claim upon which relief can be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a–b); *see also* 28 U.S.C. § 1915(e)(2)(B) (setting the same standard for *in forma pauperis* litigants).

## II.    FAILURE TO DISCLOSE

As part of this Court's complaint form, prisoners are asked to disclose their litigation history. Section VIII.A. of the form asks Plaintiff whether he has "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, or for failure to state a claim, or prior to service." *Id.* at 22. In response, Plaintiff disclosed two prior 1983 cases: (1) *Williams v. Bryant, et al.*, 4:13-vc-00298-MW-MAF and (2) *Williams v. Burch, et al.*, 4:20-cv-00288-TKW-MAF. Doc 1 at 22-23. However, he failed to truthfully disclose the disposition of those cases.

In *Williams v. Bryant, et al*, 4:13-cv-00298-MW-MAF, the court dismissed Plaintiff's case for failure to state a claim. Doc. 110 at 1. On appeal, the Eleventh Circuit affirmed the dismissal. Doc. 129 at 2. Nonetheless, Plaintiff wrongly claimed in his complaint that "[T]he 11th Circuit found 3 of the Defendants listed in my § 1983 negligen[t] due to these repeated issues of deliberate indifference issues." Doc. 1. at 22. In *Williams v. Burch et al*, 4:20-cv-00288-TKW-MAF, the Plaintiff wrote: "I dismissed it and forgave Florida D.O.C. in God's name." Doc. 1. at 23. However, the docket reflects that a motion to dismiss some of Plaintiff's claims was

granted, and that summary judgment was eventually granted as to the remaining claims.

Williams also failed to truthfully answer Question III.C., which asks whether Plaintiff has filed any other lawsuit, habeas petition, or appeal in state or federal court either challenging his conviction or relating to the conditions of his confinement. Doc. 1 at 23. Although the Plaintiff checked "Yes" to Question C he did not identify any cases.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following four (4) habeas petitions that Plaintiff filed but failed to disclose:

> *Williams v. Secretary, Dept. of Corrections et al.*, No. 3:12-cv-01296-BJD-MCR (M.D. Fla. July 1, 2015) (dismissed with prejudice)

> *Williams v. Secretary, Dept. of Corrections et al.*, No. 3:14-cv-00706-MMH-JBT (M.D. Fla. July 5, 2017) (dismissed with prejudice)

> *Williams v. The Secretary of the Florida Dept. of Corrections et al*, No. 3:19-cv-00121-TJC-PDB (M.D. Feb. 20, 2019) (dismissed without prejudice for lack of jurisdiction)

*Williams v. Secretary of the Florida Dept. of Corrections*, No. 3:19-cv-00397-BJD-JK (M.D. Fla. Sep. 10, 2021) (dismissed with prejudice)

Plaintiff appealed each of these denials in USCA #14-13686, #15-13112, #17-14655, and #21-13317, respectively.  However, he failed to disclose any of these federal actions despite the complaint form's clear instructions and his answer to Question C.

Plaintiff seeks to be excused from being forthright with the Court by contending he does not have access to all his legal work and alleges officials are stealing the legal work or gang members are doing so.  He argues without this information he cannot "properly answer these questions." Doc. 1 at 23.  The Court disagrees.  First, *if* Plaintiff's legal work is being stolen, he has both administrative and civil remedies he can pursue.  Second, Plaintiff can request a listing of the cases he has filed and pay for copies of the complaints or disposition of the cases from the courts.  *See Sheffield v. Brown*, 2023 WL 9105658 at *3 (N.D. Fla. Dec. 14, 2023) ("Plaintiff could have requested his litigation history from the appropriate clerks of the various courts…[a]s such, Plaintiff simply cannot blame his faulty memory for his failure to respond to the questions."); *see also Owens v. Oliver*, 2020 WL 6302330 at *2 (N.D. Fla. Sep. 23, 2020) ("Thus, Owens's explanation—a faulty memory regarding cases filed long away—rings hollow.  His explanation simply is not credible.  Furthermore, Owens could have—but failed to—seek a list of his cases from the respective clerk of courts to ensure that he had not omitted any cases from

his litigation history.")  Indeed, the Court's complaint form directs prisoners to "err

on the side of caution,"[1] and Plaintiff could have (and should have) identified as

much information he could – leaving the section blank and identifying no cases is

not acceptable.  *See McClain v. Nelson,* 2011 WL 675030, at *1 (S.D. Ga. Feb. 3,

2011), *report and recommendation adopted,* 2011 WL 674894 (S.D. Ga. Feb. 17,

2011) ("The Court rejects McClain's explanation.  Even if he no longer had access

to the older lawsuit documents, he surely retained some personal memory of them,

and nothing stopped him from truthfully telling the Court that prior lawsuits *existed*

and beckon[ing] the Court to look them up.").  Thus, the Court does not find

Plaintiff's purported lack of access to legal work justifies his failure to truthfully

disclose his litigation history.  *See Beshears v. Marion County Board of County*

*Comm'rs,* 2020 WL 5949790, at * 2 (11th Cir. April 20, 2020) ("District Court acted

within its discretion in finding that Mr. Beshears's explanation for his failure to

disclose this information - … that he suffered from memory loss – was not credible

or persuasive reason for failing to disclose his numerous other lawsuits").

The Court has the authority to control and manage matters pending before it,

and Plaintiff's *pro se* status does not excuse him from conforming to acceptable

---

[1] Although Plaintiff used the Court's complaint form, he omitted some pages from the form when he filed the document, including the instructions for completing the "prior litigation" section of the form.  Nonetheless, he is bound to those instructions regardless of whether he chose to file the entire complaint form.

standards in approaching the Court.  If the Court cannot rely on the statements or

responses made by the parties, it threatens the quality of justice.  The Court will not

tolerate false responses or statements in any pleading or motion filed before it.  If

Plaintiff suffered no penalty for his untruthful responses, there would be little or no

disincentive for his attempt to evade or undermine the purpose of the form.  Thus,

the Court should not allow Plaintiff's misrepresentation to go unpunished.

An appropriate sanction for the Plaintiff's failure to provide the Court with

true factual responses is to dismiss this case without prejudice.  *See Bratton v. Sec'y*

*DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without

prejudice when prisoner failed to disclose one prior federal case that was dismissed

pursuant to 28 U.S.C. § 1915(e)(2)). *Johnson v. Crawson*, Case No. 5:08cv300-RS-

EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without

prejudice when prisoner failed to disclose one prior federal case); *see also Strickland*

*v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than

dismissal would signal that a failure to disclose filings is an infraction without

consequence.").

As another judge from this District stated in a similar ruling, "If the

requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its

purpose, a plaintiff must provide accurate information.  If word got around the

prisons that inaccurate or incomplete information could be provided with no

effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior legal history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under the PLRA, § 1915(e)(2)(B)(i). *See Myrick v. Martin*, No. 3:14CV77/LAC/EMT, 2014 WL 1744156, at *2 (N.D. Fla. May 1, 2014) (dismissing case as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to disclose two prior actions).

Accordingly, it is respectfully RECOMMENDED:

1.    This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his litigation history.

2.    The clerk be directed to close the file.

At Pensacola, this 2nd day of July, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.