IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ADRIAN FRANCIS WILLIAMS,**

    **Plaintiff,**

**v.**                                                      **Case No. 3:25-cv-643-AW-HTC**

**SANTA ROSA CORRECTIONAL**
**INSTITUTION, et al.,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

Having carefully considered the matter, I now adopt the report and recommendation (ECF No. 15) and incorporate it into this order. I agree with the magistrate judge that dismissal without prejudice is warranted based on Plaintiff's failure to accurately disclose his litigation history. Rather than dismiss as "malicious" under 28 U.S.C. § 1915 or § 1915A, however, I dismiss based on the court's inherent authority to manage its docket and enforce local rules. *See McNair v. Johnson*, No. 24-10153, 2025 WL 1923126, at *5 (11th Cir. July 14, 2025) ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. [Plaintiff] violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form.").

1

In his objections, Plaintiff suggests he did the best he could and does not have better records of his prior cases. Although his complaint included a similar disclaimer, ECF No. 1 at 23, the fact is Plaintiff could have provided more information, even if he lacked all the details. Moreover, as the magistrate judge notes, some of what he did provide is plainly inaccurate. For example, he says he "dismissed [one case] and forgave Florida D.O.C." *Id.* But in fact, the court dismissed that case. The bottom line is that Plaintiff violated the rules by providing inaccurate and incomplete information.

As the magistrate judge explains, the rule requiring disclosure serves important purposes. And if there is no sanction for a plaintiff's failure to comply with the form's instructions, those purposes will be undermined.

I have considered Plaintiff's objections (ECF Nos. 17, 19) de novo, and I now overrule them.

I have also considered Plaintiff's request for appointed counsel. ECF No. 16. Plaintiff has no constitutional or statutory right to counsel in this circumstance, and he has not shown that counsel is necessary or appropriate. As a matter of discretion, I deny the motion for counsel (ECF No. 16).

The clerk will enter a judgment that says, "This case is dismissed without prejudice for failure to disclose litigation history." The clerk will then close the file.

3

SO ORDERED on July 21, 2025.

                                                s/ *Allen Winsor*
                                                Chief United States District Judge